UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LIBRE BY NEXUS,**  )<br>113 Mill Place Parkway  )<br>Suite 103  )<br>Verona, VA  24482  )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant,  )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>**BUZZFEED, INC.**  )<br>111 E. 18th Street  )<br>13th Floor  )<br>New York, NY  10003  )<br>　　　　　　　　　　　　　　　　)<br>and,  )<br>　　　　　　　　　　　　　　　　)<br>**BEN SMITH**  )<br>111 E. 18th Street  )<br>13th Floor  )<br>New York, NY  10003  )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff.  )<br>　　　　　　　　　　　　　　　　) | Case No. _____<br><br>**JURY TRAIL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, LIBRE BY NEXUS (hereinafter "Nexus"), through counsel, and Complains against Defendants, BUZZFEED, INC. (hereinafter "BuzzFeed") and BEN SMITH. In support, the Plaintiff alleges as follows:

1.　　On July 23, 2016, BuzzFeed and Smith, its Editor in Chief, published an article about Nexus that is replete with false and defamatory statements concerning Nexus' business practices, including, but not limited to, the assertion that Nexus was investigated by U.S. Immigration and Customs Enforcement (hereinafter "ICE") for "targeting undocumented immigrants in custody and fraudulently charging them a fee for services." As BuzzFeed and Smith were aware, this statement was demonstrably false.

2. BuzzFeed and Smith were aware prior to publication of the July 23, 2016 article that the investigation conducted by ICE, in fact, resulted in what can only be described as an endorsement of Nexus' business practices. And, most certainly, ICE did not investigate specific charges of wrong doing on the part of Nexus

## PARTIES

3. Nexus provides immigration bond services to clients across the nation. Nexus is incorporated in Virginia and headquartered at Verona, Virginia.

4. BuzzFeed is a Delaware corporation. It is headquartered in New York, N.Y., and maintains offices in the District of Columbia. BuzzFeed owns and operates the Buzzfeed.com website as the Buzzfeed mobile app. BuzzFeed represents to the public that it has in excess of 200 million unique monthly views. It is one of the most visited websites in the country.

5. Smith is a resident of New York and is employed by BuzzFeed as Editor in Chief.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction, pursuant to 28 U.S.C. Section 1332, in that the action is between citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Personal jurisdiction is appropriate under the D.C. Long-Arm Statute since BuzzFeed and Smith regularly transact business in D.C. from a news bureau located within the District of Columbia (D.C. Code Section 13-423(a)(1)); and, the action of BuzzFeed and Smith caused tortious injury to Nexus within the District of Columbia.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Nexus assists its clients in securing immigration bonds through indemnifying bonds and by using GPS technology. Nexus has contracts with bail bond companies who actually

post the immigration bond. Through its immigration bond initiative, Nexus has reunited thousands of families. Nexus does not require its clients to pay collateral or the use of property to secure an immigration bond. Nexus secures the bond using a GPS monitoring system, which means the client does not have to pay the full amount of the bond.

9. On July 23, 2016, BuzzFeed published an article entitled "Immigrants Desperate To Get Out Of US Detention Can Get Trapped By Debt." The article is full of false and defamatory statements concerning Nexus and its business practices. Most egregious is the statement that "ICE's Homeland Security Investigations (HSI) unit for allegedly targeting undocumented immigrants in custody and fraudulently charging them a fee for services." The article continues by falsely stating that the investigation was "eventually closed due to lack of evidence."

10. At the time the article was published, BuzzFeed and Smith had full knowledge of a letter from ICE to Representative Norma Torres, dated November 15, 2015, which addressed and disposed of any question regarding a so-called "HSI investigation." The ICE letter of November 15, 2015, establishes beyond any reasonable doubt that Nexus was not under investigation by ICE. In fact, the letter practically endorses Nexus' business model. It states: "ICE has no legal authority to investigate or prosecute bail bond companies or other related service providers regarding allegations of inappropriate conduct between two private parties such as an indemnitor and bond company."

## COUNT I
### (DEFAMATION)

11. Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1 through 10 as if fully set forth herein.

12. BuzzFeed and Smith, by and through their representatives, published false and defamatory statements concerning Nexus without privilege to do so.

13. The false and defamatory statements included, but are not limited to, the assertion that ICE's Homeland Security Investigations (HSI) unit investigated Nexus for targeting undocumented immigrants in custody and fraudulently charging them a fee for services.

14. The defamatory statements were published without privilege to third parties.

15. Defendants made the false and defamatory statement with full knowledge of its falsity with the intent to cause Nexus injury to its reputation and client relationships. Defendants acted in actual malice towards Nexus and/or in a reckless disregard as to the truth or falsity of the statement and in reckless disregard to the injury publication of such false statement might have on Nexus' reputation and business relationships.

16. The defamatory statements were made negligently; without reasonable care as to their truth or falsity; with knowledge of their falsity; and/or with reckless disregard for the truth.

17. The statement that Nexus was under investigation for what amounts to fraud, and/or criminal conduct, in the practice of its business is of such type and nature to tend to prejudice Nexus in the eyes of clients, prospective clients, business partners, bond brokers, bond sureties, prospective business partners and members of its community in general.

18. Defamatory statements in the article of July 23, 2016, have caused, and will continue to cause, Nexus injury to its reputation and business relations.

19. Nexus has suffered, and will continue to suffer, actual injury as a result of injury to its corporate reputation.

20. The defamatory statements tend to injure Nexus in its business trade as the allegations call into question the proper operation of Nexus' business. Additionally, the statement subjects Nexus to distrust, scorn, ridicule, hatred, and contempt.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(1) Consequential and reputational damages in an amount to be proven at trial, but not less than $5,000,000; and,

(2) Punitive damages in an amount sufficient to dissuade similarly-situated parties from engaging in similar conduct; and,

(3) Attorneys fees and costs; and,

(4) Such other relief as the Court deems appropriate.

Dated: 7/22/2017                    Respectfully submitted,
                                    McFADDEN & SHOREMAN


                                    */s/ John M. Shoreman*
                                    _____
                                    John M. Shoreman
                                    1050 Connecticut Avenue, NW
                                    Washington, DC  20036
                                    (202) 772-3188
                                    Fax (202) 204-8610
                                    mstlaw@erols.com


## JURY DEMAND

Plaintiff demands trial by jury of all issues.

                                    */s/ John M. Shoreman*
                                    _____
                                    John M. Shoreman